IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CLAUDIA ASTRID          )
     HURTADO VARGAS,    )
                               )
        Plaintiff,        )
                               )
     v.               )      No. 12-508C
                               )      (Judge Kaplan)
THE UNITED STATES,     )
                               )
        Defendant,     )
                               )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.  The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.  The allegations contained in paragraph 2 constitute conclusions of law, and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.  Admits.

4.  The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5.  Denies the remaining allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.  Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.    Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.   Avers that defendant has not located any files documenting any alleged contact by plaintiff.

8.   Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.    Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.   Denies contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.   Admits.

12.   Admits the allegations contained in paragraph 12 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13.   Admits.

14.   Admits.

15.   Admits.

16.   Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17.   Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     The allegation contained in paragraph 18 that "[p]laintiff Hurtado entered into a contract with the United States" is a conclusion of law to which no response it required; to the extent that the allegation is an allegation of facts, it is denied.   Denies the remaining allegations contained in paragraph 18 alleging plaintiff's "understanding" for lack of knowledge or information sufficient to form a belief as to their truth.

19.     Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.     The characterization contained in paragraph 20 of a "1998 Contract" is a conclusion of law to which no response it required; to the extent that the allegation is an allegation of fact, it is denied.   Denies the remaining allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22.     Admits.

23.     Admits the allegations contained in paragraph 23 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24.     Admits the allegations contained in paragraph 24 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25.     Admits the allegations contained in paragraph 25 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26.     Admits the allegations contained in paragraph 26 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27.     Admits the allegations contained in paragraph 276 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28.     Admits the allegations contained in paragraph 28 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29.     Admits the allegations contained in paragraph 29 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30.     Admits the allegations contained in paragraph 30 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30..

31.     Admits the allegations contained in paragraph 31 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32.    Admits the allegations contained in paragraph 32 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32..

33.    Admits the allegations contained in paragraph 33 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34.    Admits the allegations contained in paragraph 34 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34..

35.    Denies.   Avers that the Government has located computerized case reports.

36.    The allegation contained in paragraph 36 are conclusions of law to which no response it required; to the extent that they allegation of fact, they are denied.

37.    The allegation contained in paragraph 37 are conclusions of law to which no response it required; to the extent that they allegation of fact, they are denied..

38.    Admits the allegations contained in paragraph 38 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39.    Admits the allegations contained in paragraph 39 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39..

40.    Denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits.

44. The allegation contained in paragraph 44 that attempts were made to obtain "a proper statement" is a conclusion of law to which no response it required; to the extent that it is an allegation of fact, it is denied.   Avers that various inquiries were made to the United States and the United States responded to inquiries.

45. The allegation contained in paragraph 45 is a conclusion of law to which no response it required; to the extent that it is an allegation of fact, it is denied.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.  Denies.  Avers that the reference in the letter rogatory response notes a date of June 22, 2005.

52.  Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53.  Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54.  The allegations contained in paragraph 54 that the United States "failed to timely or effectively act" constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55.  Denies the allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56.  Denies the allegations contained in in paragraph 56 to the extent they allege the defendant and plaintiff entered into contracts upon the basis that these allegations constitute conclusions of law, to which no answer is required; to the extent that these allegations may be deemed allegations of fact, they are denied.  Admits the allegation contained in in paragraph 56 that defendant did not provide plaintiff copies of any agreements that she executed.  Denies the allegation contained in paragraph 56 that plaintiff could not provide evidence of her role as a confidential informant for lack of knowledge or information sufficient to form a belief as to its truth.

57.  Admits the allegations contained in paragraph 57 to the extent supported by the order cited which is the best evidence of those proceedings; otherwise denies the allegations contained in paragraph 57.

58.     Admits the allegations contained in paragraph 28 to the extent supported by judicial findings cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 58.

59.     Admits the allegations contained in paragraph 59 to the extent supported by the records of the judicial proceedings quoted, which are the best evidence of those proceedings; otherwise denies the allegations contained in paragraph 59.

60.     Admits the allegations contained in paragraph 60 to the extent supported by the records of the judicial proceedings cited which are the best evidence of those proceedings; otherwise denies the allegations contained in paragraph 60.

61.     Denies the allegations contained in the paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62.     Admits the allegations contained in paragraph 62 to the extent supported by the response cited, which is the best evidence of its contents; otherwise denies the allegations contained in second sentence of paragraph 62.

63.     Admits the allegations contained in paragraph 63 to the extent supported by the response cited, which is the best evidence of its contents; otherwise denies the allegations contained in second sentence of paragraph 63.

64.     Admits the allegations contained in paragraph 64 to the extent supported by the affirmance cited, which is the best evidence of its contents; otherwise denies the allegations contained in second sentence of paragraph 64.

65.     Admits the allegations contained in the first sentence of paragraph 65 to the extent supported by the motion cited, which is the best evidence of its contents; otherwise

denies the allegations contained in first sentence of paragraph 65. Denies the allegations contained in the second sentence of paragraph 65 for lack of knowledge sufficient to form a belief as to their truth.

66. The allegations contained in paragraph 66 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Admits the allegations contained in paragraph 67 to the extent supported by the response cited, which is the best evidence of its contents; otherwise denies the allegations contained in second sentence of paragraph 67. Avers that the quoted statement is taken out of context.

68. The allegation contained in paragraph 68 is a conclusion of law to which no response it required; to the extent that the allegation is an allegation of fact, it is denied.

69. Denies the allegations contained in the first sentence of paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in the second sentence of paragraph 69 that money laundering in criminal under United Sates and Columbian law is a conclusion of law to which no response it required; to the extent that the allegation is an allegation of fact, it is denied. Admits that, as a confidential informant, plaintiff would engage in money laundering.

70. The characterization contained in paragraph 70 of a "contract" is a conclusion of law to which no response it required; to the extent that the allegation is an allegation of fact, it is denied. Denies the allegations contained in paragraph 70 concerning plaintiff's

motivation and understanding for lack of knowledge or information sufficient to form a belief as to their truth.

71. The allegations contained in paragraph 71 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations contained in paragraph 71 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied..

77. Responds as set forth in paragraphs 1 - 76 above.

78. The allegations contained in paragraph 78 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79. Admits the allegations contained in paragraph 79 to the extent supported by certified statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80. The allegations contained in paragraph 80 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85.   Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 84, or to any relief whatsoever.

86.   Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

Material Breach

87.   Plaintiff materially breached any possible contract she had with the United States so as to relieve the United States from any contractual obligation or from any contractual liability.

88.   While working with the El Dorado Task Force, plaintiff engaged in unauthorized financial transitions, which transactions placed members of El Dorado Task Force at significant personal risk.

89.   The El Dorado Task Force afforded plaintiff the opportunity to explain these unauthorized transactions, rejected her explanation for those financial transitions as incredible, determined that her unauthorized financial transitions were unlawful, and terminated her as an informant on that basis illegal activity.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT KIRSCHMAN
Director

STEVEN J. GILLINGHAM
Assistant Director


/s/ John S. Groat
JOHN S. GROAT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:   Classification Unit
PO Box 480
Ben Franklin Station
Washington DC 20044
Tele: (202) 6168260
Fax: (202) 5147965
jack.groat@usdoj.gov

March 28, 2014                          Attorneys for Defendant